# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 15-404V
Filed: July 14, 2015
Unpublished

```
* * * * * * * * * * * * * * * * * * * * * * * * *
DVORA GHITZA,                        *
                                     *
            Petitioner,              *    Ruling on Entitlement; Concession;
                                     *    Tentanus-diphtheria ("Td"); Brachial
                                     *    Neuritis; Special Processing Unit
SECRETARY OF HEALTH                  *    ("SPU")
AND HUMAN SERVICES,                  *
            Respondent.              *
                                     *
* * * * * * * * * * * * * * * * * * * * * * * * *
```

*Ronald Homer*, Conway, Homer, & Chin-Caplan, P.C., for petitioner.
*Amy Kokot*, U.S. Department of Justice, Washington, DC, for respondent.

## RULING ON ENTITLEMENT[1]

**Vowell**, Chief Special Master:

On April 22, 2015, Dvora Ghitza filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] [the "Vaccine Act" or "Program"].  Petitioner alleges that as a result of a tetanus diphtheria ["Td"] vaccination on May 17, 2012, she suffered a neurological injury. Petition at 1. The case was assigned to the Special Processing Unit ["SPU"] of the Office of Special Masters.

On July 13, 2015, respondent filed her Rule 4(c) report in which she concedes that petitioner is entitled to compensation in this case.  Respondent's Rule 4(c) Report at 1, 5.  Specifically, respondent indicates that

> petitioner is entitled to a presumption of causation because petitioner's
> left-sided brachial neuritis meets the criteria of the Vaccine Injury Table,

---

[1] Because this unpublished ruling contains a reasoned explanation for the action in this case, I intend to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.  If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

      42 C.F.R. § 100.3.  Specifically, petitioner's brachial neuritis manifested between two and twenty-eight days after her receipt of the Td vaccination, and there is not preponderant evidence that her condition was due to a factor unrelated to the vaccine.

*Id.* at 5.  Respondent further indicates that "petitioner's brachial neuritis and its sequela persisted for more than six months" and that "petitioner has satisfied all legal prerequisites for compensation under the Vaccine Act." *Id.* at 5.

      **In view of respondent's concession and the evidence before me, I find that petitioner is entitled to compensation.**

                                    **<u>s/Denise K. Vowell</u>**
                                      Denise K. Vowell
                                      Chief Special Master