# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 15-404V
Filed: January 6, 2016
Unpublished

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | |
|---|---|
| DVORA GHITZA, | |
| Petitioner, | Damages Decision Based on Proffer; Tetanus-diphtheria ("Td") Vaccination; Brachial Neuritis; Special Unit Processing ("SPU") |
| v. | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | |
| Respondent. | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

*Ronald Craig Homer*, Conway, Homer, & Chin-Caplan, P.C., Boston, MA, for petitioner.
*Amy Paula Kokot*, U.S. Department of Justice, Washington, DC, for respondent.

## **DECISION AWARDING DAMAGES**[1]

**Dorsey**, Chief Special Master:

On April 22, 2015, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] [the "Vaccine Act" or "Program"]. Petitioner alleges that as a result of a tetanus diphtheria ["Td"] vaccination on May 17, 2012, she suffered a neurological injury. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On July 14, 2015, a ruling on entitlement was issued, finding petitioner entitled to compensation for brachial neuritis. On January 4, 2016, respondent filed a proffer on award of compensation ["Proffer"] indicating petitioner should be awarded $102,000.00. Proffer at 1. In the Proffer, respondent represented that petitioner agrees with the proffered award. Based on the record as a whole, the undersigned finds that petitioner is entitled to an award as stated in the Proffer.

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

      Pursuant to the terms stated in the attached Proffer, **the undersigned awards petitioner a lump sum payment of $102,000.00 in the form of a check payable to petitioner, Dvora Ghitza.**  This amount represents compensation for all damages that would be available under § 300aa-15(a).

      The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

                                        **s/Nora Beth Dorsey**
                                        Nora Beth Dorsey
                                        Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**

|  |  |  |
|---|---|---|
| DVORA GHITZA, | ) | |
|  | ) | |
| Petitioner, | ) | |
|  | ) | No. 15-404V **(ECF)** |
| v. | ) | Chief Special Master Dorsey |
|  | ) | |
| SECRETARY OF HEALTH AND | ) | |
| HUMAN SERVICES, | ) | |
|  | ) | |
| Respondent. | ) | |

**RESPONDENT'S PROFFER ON AWARD OF COMPENSATION**

**I.  Compensation for Vaccine Injury-Related Items**

On July 14, 2015, the Chief Special Master issued a Ruling on Entitlement finding that petitioner was entitled to vaccine compensation for her brachial neuritis.  Based on the evidence of record, respondent proffers that petitioner should be awarded $102,000.00.  This amount represents all elements of compensation to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a).  Petitioner agrees.

**II.  Form of the Award**

Respondent recommends that the compensation provided to petitioner be made through a lump sum payment of **$102,000.00** in the form of a check payable to petitioner.[1]  Petitioner agrees.

Petitioner is a competent adult.  Evidence of guardianship is not required in this case.

---

[1]  Should petitioner die prior to the entry of judgment, respondent reserves the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future medical expenses, future pain and suffering, and future lost wages.

1

Respectfully submitted,

BENJAMIN C. MIZER
Principal Deputy Assistant Attorney General

RUPA BHATTACHARYYA
Director
Torts Branch, Civil Division

VINCENT J. MATANOSKI
Deputy Director
Torts Branch, Civil Division

MICHAEL P. MILMOE
Senior Trial Counsel
Torts Branch, Civil Division

s/Amy P. Kokot
AMY P. KOKOT
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Ben Franklin Station
Washington, DC 20044-0146
Tel.: (202) 616-4118

Dated: January 4, 2016