# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 15-0404V
Filed: July 29, 2016
Unpublished

| | |
|---|---|
| DVORA GHITZA, | |
| Petitioner, | |
| v. | Attorneys' Fees and Costs; |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | Special Processing Unit ("SPU") |
| Respondent. | |

*Ronald Craig Homer*, Conway, Homer & Chin-Caplan, P.C., Boston, MA, for petitioner.
*Amy Paula Kokot*, U.S. Department of Justice, Washington, DC, for respondent.

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Dorsey,** Chief Special Master:

On April 22, 2015, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleged that she suffered a neurological injury as a result of a tetanus diphtheria ["Td"] vaccination on May 17, 2012. (ECF No. 1 at 1). On July 14, 2015, a ruling on entitlement was issued, finding petitioner entitled to compensation for the Vaccine Table Injury of brachial neuritis. (ECF No. 14 at 1-2). On January 6, 2016, a decision was issued awarding compensation to petitioner based on respondent's proffer. (ECF No. 25).

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On May 19, 2016, petitioner filed an application for attorneys' fees and costs. (ECF No. 29).  Petitioner requests attorneys' fees in the amount of $19,264.00, attorneys' costs in the amount of $659.12, and petitioner's out-of-pocket costs in the amount of $400.00,[3] for a total amount of $20,323.12.  *Id.* at 1.

On May 25, 2016, respondent filed a response to petitioner's application.  (ECF No. 31).  Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs."  *Id.* at 1.  Respondent adds, however, that she "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case."  *Id.* at 2.  Additionally, she "asserts that a reasonable amount for fees and costs in the present case would fall between $13,000.00 and $15,000.00," citing five "similarly-postured" SIRVA cases where the stipulated award of attorneys' fees and costs fell within the given range.  *Id.* at 3-4.

On June 6, 2016, petitioner filed a reply.  (ECF No. 32).  Petitioner argues that respondent has "selectively" cited stipulated attorneys' fees and costs awards in past cases "attempt[ing] to create a self-serving range that is in fact not representative of fee awards in many SIRVA cases."  *Id.* at 4-5.  Petitioner asserts that "respondent's range for fees and costs is clearly intended to suggest a 'cap' on attorneys' fees and costs" and "provides no helpful or substantive information" for the undersigned to use in making her determination.  *Id.* at 5.  Petitioner further argues that respondent has provided "no specific objections to petitioners' application for attorneys' fees and costs" and instead offers only a "'blanket' objection based upon a vague and unhelpful survey."  *Id.* at 8.

Respondent filed a sur-reply to petitioner's application on June 15, 2016.  (ECF No. 34).  Respondent asserts that the decision in *McCulloch*[4] awarded rates to petitioner's counsel "that are contrary to the evidence respondent presented in that case" and respondent cannot "agree to a fee award based on hourly rates that respondent believes lack evidentiary support."  *Id.* at 2.  Respondent further states that she has "made the very practical decision to stop providing detailed objections to fee applications, based on the recognition that it was counterproductive and not achieving the purpose for which it was intended."  *Id.* at 4.  Respondent argues in favor of her "approach of providing ranges [for attorneys' fees and costs awards] based on the nature and scope of the litigation at issue" and notes that the proposed range in the instant claim provides for $1000.00 in costs, 20-25 hours of attorney time at "$400.00 per hour and 32 hours of paralegal time at $125.00 an hour."  *Id.* at 5-6.  Respondent

---

[3] In compliance with General Order #9, petitioner filed a signed statement indicating she incurred $400.00 in out-of-pocket expenses.  (ECF No. 30).

[4] *McCulloch v. Sec'y of Health & Human Servs.,* No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015)

asserts this "is a generous number of hours for resolving a straight-forward, conceded brachial neuritis case . . . where judgement entered less than nine months after the petition was filed." *Id.*

Petitioner filed a sur-reply to respondent's sur-reply on June 22, 2016 addressing the arguments raised by respondent in her sur-reply. (ECF No. 36).

The undersigned notes that while she has only summarized the arguments presented by the parties in their briefing, the undersigned has fully reviewed and considered both parties' briefs.

The undersigned fully agrees with the *McCulloch* analysis regarding appropriate hourly rates for the attorneys in the Conway, Homer, and Chin-Caplan law firm and adopts the same reasoning in this case. Furthermore, the undersigned has reviewed the billing records submitted with petitioner's request. In the undersigned's experience, the request appears reasonable, and the undersigned finds no cause to reduce the requested hours or rates.

Petitioner requests supplemental attorneys' fees in the amount of $1,711.50 for preparing the reply brief. (ECF. No. 33). The undersigned notes petitioner requested no supplemental attorneys' fees for preparing her sur-reply. The undersigned has reviewed the submitted billing records and finds the request for additional fees to be reasonable; the full amount requested, $1,711.50, is awarded.[5] Thus, the total amount awarded for attorneys' fees and costs is **$22,034.62**.

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e). Based on the reasonableness of petitioner's request, the undersigned **GRANTS** petitioner's application and supplemental application for attorneys' fees and costs.

**Accordingly, the undersigned awards the total of $22,034.62[6] as follows:**

---

[5] The undersigned notes that portions of petitioner's reply are similar to a reply filed in another claim by petitioner's counsel that was before the undersigned. However, as portions of the reply are unique from the other claim, and petitioner has not billed for her attorneys' work on petitioner's sur-reply, petitioner's request for attorneys' fees for her work on the reply is not reduced. However, the undersigned may reduce the attorneys' fees sought for additional filings of a similar reply in other cases.

[6] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir.1991).

> **(1) A lump sum of $21,634.62, representing reimbursement for attorneys' fees and costs, in the form of a check payable jointly to petitioner and petitioner's counsel, Conway, Homer & Chin-Caplan, P.C.; and**
>
> **(2) A lump sum of $400.00, representing reimbursement for petitioner's costs, in the form of a check payable to petitioner, Dvora Ghitza.**

The clerk of the court shall enter judgment in accordance herewith.[7]

**IT IS SO ORDERED.**

**s/Nora Beth Dorsey**
Nora Beth Dorsey
Chief Special Master

---

[7] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.